UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BLAKE DONOVAN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-259-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE BRANDY OLIVER BROWN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Blake Donovan Wilson is an inmate at the Casey County Detention Center in Liberty, Kentucky. Proceeding without an attorney, Wilson has filed a "motion for bond forfeiture summary" with this Court. While the Clerk's Office docketed that submission as a civil rights complaint for administrative purposes [Record No. 1], there are a number of problems with Wilson's submission. As a result, the Court will dismiss Wilson's filing without prejudice pursuant to 28 U.S.C. § 1915A(b) and strike this action from the docket.

In November 2017, a grand jury in Madison County, Kentucky indicted Wilson on first-degree assault and wanton endangerment charges. *See Commonwealth v. Wilson*, No. 17-CR-761 (Madison Co. Cir. Ct. 2017). While those charges were pending, the trial court released Wilson on a $20,000 cash bond and the matter moved through the various pretrial stages. *See id.* Although the case was scheduled for a jury trial, Wilson decided to plead guilty to the wanton endangerment charge. Inn turn, the Commonwealth dismissed the assault charge. *See id.*

While the case was ongoing and he was released from custody on bond, police arrested Wilson and charged him with multiple drug crimes. *See Commonwealth v. Wilson*, No. 19-CR-431 (Madison Co. Cir. Ct. 2019). In light of the new charges, Madison County Circuit Judge Brandy Oliver Brown scheduled a bond forfeiture hearing in Wilson's first case. *See Commonwealth v. Wilson*, No. 17-CR-761 (Madison Co. Cir. Ct. 2017). That hearing is scheduled for July 18, 2019. *See id.*

Although a bond forfeiture hearing will take place in three weeks in the Madison Circuit Court, Wilson nevertheless filed a "motion for bond forfeiture summary" with this Court, a federal court that does not have jurisdiction over his state criminal case. And while Wilson makes numerous arguments regarding his $20,000 cash bond, he cites no legal authority that would allow him to prospectively raise his arguments in this Court. Wilson also does not clearly state what relief, if any, he is seeking.

The doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), also prevents this Court from becoming involved in Wilson's pending state criminal case. The *Younger* doctrine provides that a federal court should generally abstain from interfering in an ongoing state court action that involves an important state interest and provides an adequate opportunity to raise challenges. *See Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (discussing *Younger* abstention). Here, the state criminal cases against Wilson are ongoing, and those matters obviously involve important state interests. Further, Wilson will have the opportunity to raise his claims during those criminal proceedings. Thus, this Court will abstain from interfering in Wilson's criminal cases, just as it "has abstained from meddling in . . . [other] state court criminal actions," including state bond proceedings. *Stevenson v.*

*Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, *3 (E.D. Ky. 2017) (collecting cases); *see also Howard v. Hammons*, No. 6:16-cv-095-DCR, at Record No. 5 (E.D. Ky. 2016) (refusing to interfere with state bond proceedings, based on *Younger*).

In light of the foregoing, it is hereby

**ORDERED** that Wilson's "motion for bond forfeiture summary," which the Clerk's Office docketed as a civil rights complaint for administrative purposes [Record No. 1] is **DISMISSED**, without prejudice, and **STRICKEN** from this Court's docket.

Dated: June 27, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge